**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 22-Cr-684 (JLR) |
| | ) | |
| [1] BEVELYN WILLIAMS | ) | |
| [2] EDMEE CHAVANNES | ) | |
| | ) | |

**REPLY OF DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' JOINT MOTION TO DISMISS THE INDICTMENT**

CHRISTOPHER WRIGHT, ESQ.
Law Office of Christopher Wright
299 Broadway
Suite 708
New York, New York 10007

*Attorney for Bevelyn Williams*

AARON MYSLIWIEC, ESQ.
Miedel & Mysliwiec, LLP
80 Broad Street, Suite 1900
New York, New York 10004

*Attorney for Edmee Chavannes*

<u>**Introduction**</u>

This Reply Memorandum of Law is submitted on behalf of Defendants Bevelyn Williams ("Williams") and Edmee Chavannes ("Chavannes") in support of their Motion to Dismiss the Indictment (ECF # 56) and in reply to the government's response memorandum (ECF # 57). As noted in our Motion to Dismiss, the Second Circuit has previously considered some of the arguments we presented and other Circuits have considered some of these same arguments post-*Dobbs v. Jackson Women's Health Organization*, 142 S.Ct. 2228 (2022). In its response brief, the government focuses largely on these same authorities and the arguments that flow from them. Williams and Chavannes contend, however, that this Court should be unpersuaded by those other decisions given the specific facts of this case and the post-*Dobbs* developments. Presented below are three brief arguments to rebut the government's response brief.

**I. THE GOVERNMENT HAS ENGAGED IN SELECTIVE PROSECUTION IN VIOLATION OF THE DEFENDANTS' FIRST AMENDMENT RIGHTS**

The government argues that the FACE Act is content neutral and that its application in this case is not selective prosecution and does not violate the Defendants' First Amendment rights. Gov. Mot. at 5-10, 15-20. The government ignores the application of important Supreme Court precedent, namely that "selective enforcement of a neutral and facially constitutional law may run afoul of the First Amendment if the government's prosecutorial choices turn on the content or viewpoint of speech. It is well established the government 'may not regulate speech based on its substantive content or the message it conveys." *Frederick Douglass Foundation, Inc, et al v. District of Columbia*, No. 21-7108 at 20 (D.C. Cir. Aug. 15, 2023), *quoting Rosenberger v. Rector & Visitors of the Univ. of Va.* 515 U.S. 819. 828 (1995).

Subsequent to the filing of Defendants' motion to dismiss, the D.C. Circuit Court of Appeals issued a decision where it found the District of Columbia engaged in the selective prosecution of an pro-life advocacy group whose moniker is "Black Pre-Born Lives Matter" for violating the District's defacement ordinance. *Frederick Douglas Foundation* at 2-3. While that case was in the context of a civil lawsuit under 42 U.S.C. §1983, the holding of D.C. Circuit is that in a proceeding of a selective enforcement claim under the First Amendment does not require demonstrating intentional discrimination (as distinct from an equal protection claim under the Fifth Amendment). *Id.* at 25. The D.C. Circuit further held that the pro-life organization, Frederick Douglas Foundation, need not allege a discriminatory intent by the District's enforcement but rather viewpoint discrimination can be found "regardless of the government's benign motive… or lack of animus toward the ideas contained in the regulated speech. *Id.* at 27, *quoting Reed v. Town of Gilbert*, 576 U.S. 155, 165 (2015). The D.C. Circuit rejected the District's contention that the pro-life group had to prove a discriminatory motive in a First Amendment; "a First Amendment challenge to speech-infringing enforcement, as with speech-infringing regulation, requires no allegation of bad motive." *Id.* at 28.

As was amply demonstrated in the Defendants' Motion to Dismiss the Indictment, there has been almost no Department of Justice (DOJ) enforcement of similarly situated protestors (Def. Mot. at 8-9) and yet Williams and Chavannes find themselves under terribly harsh criminal prosecutions based on their pro-life viewpoints. The holding of the D.C. Circuit in the *Frederick Douglas Foundation* case and its rationale may be instructive to the Court's consideration of the issues here; first, Williams and Chavannes are similarly situated to other protestors who were not arrested and not prosecuted; and, second, the DOJ engaged in viewpoint discrimination by enforcing the FACE Act against the Defendants for their pro-life beliefs but not against others

who committed violent acts against pro-life pregnancy centers.  Consequently, the Indictment should be dismissed as the DOJ has engaged in viewpoint discrimination by selectively prosecuting Williams and Chavannes.

## II.    *Dobbs* **changed the scope of the FACE Act.**

The government's response asks this Court to ignore the obvious effect the Supreme Court in *Dobbs v. Jackson Women's Health Organization*, 142 S.Ct. 2228 (2022), has now had on the FACE Act.  The government contends the FACE Act only prohibits behavior that targets "reproductive health care" and not abortion providers specifically, and therefore the *Dobbs* decision is of no moment. (Gov. Mot. at 13-14).  The Indictment specifically alleges that the Williams and Chavannes sought to prevent *abortions* from occurring (Ind. At ¶1).  However, after *Dobbs* since the Defendants are alleged to obstructed access to *abortions*, they cannot be in violation of the FACE Act since statutory language of "reproductive health services" can no longer included abortion services.  The *Dobbs* Court was clear that there is no longer a "right" to abortions, and indeed since the *Dobbs* decision twenty two states have outright banned abortions or made them far more restrictive.[1]

Williams and Chavannes were protesting only against the provision of abortions and not "reproductive health services." After *Dobbs*, therefore, the Indictment should be dismissed.

## III.    *Dobbs* **obviated the rationale for the FACE Act under the Commerce Clause**

The government's argument that *Dobbs* has no bearing on the FACE Act and that the Act was a valid exercise of Congress' power under the Commerce Clause is misplaced and disregards

---

[1] "Tracking Abortion Bans Across the Country", *N.Y. Times*, August 23, 2023, https://www.nytimes.com/interactive/2022/us/abortion-laws-roe-v-wade.html.

the import of *Dobbs*. (Gov. Mot. at 11-12). As the Defendant's demonstrated in their Motion to Dismiss the Indictment, the legislative history behind the FACE Act clearly showed Congress' true intent was to protect the "right to an abortion" and not simply "reproductive health services." (Def. Mot. at 18-22, 25). After *Dobbs*, the providing of abortion services can no longer serve as the commercial activity Congress seeks to regulate since *Dobbs* has returned abortion to the individual states; a number of whom have made abortions illegal. Since, abortions are no longer a federally protected right a re-application of the Commerce Clause analysis to the FACE Act under *United States v. Lopez*, 514 U.S. 549 (1995), would undermine Congress' authority to regulate abortions implicating interstate commerce under the Commerce Clause.

### Conclusion

For the aforementioned reasons and the reasons set forth in Defendants' initial Memorandum of Law, we respectfully submit that the Court should grant Defendants' Motion to Dismiss the Indictment.