**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**THE UNITED STATES OF AMERICA**

                v.                                    22 Cr. 684 (JLR)

**BEVELYN WILLIAMS**
**EDMEE CHAVANNES,**

        Defendant.

---

To:  The Honorable Jennifer L. Rochon

# DEFENDANTS' MOTIONS *IN LIMINE*

**January 8, 2024**

**Aaron Mysliwiec, Esq.**
**Miedel & Mysliwiec, LLP**
**80 Broad Street, Suite 1900**
**New York, New York 10007**

*Attorney for Edmee Chavannes*

**Calvin H. Scholar, Esq.**
**The C.H. Scholar Law Firm, P.L.L.C.**
**225 Broadway-Suite 715**
**New York, New York 10007**

*Attorneys for Bevelyn Williams*

# PRELIMINARY STATEMENT

The defendants Bevelyn Williams and Edmee Chavannes have been charged with a violation of the Freedom of Access to Clinic Entrances Act (FACE) 18 U.S.C. § 248. As part of discovery, the Government provided witness statements that referenced a mask regulation or a "mandate" put in place by New York City and New York State in 2020 pursuant to the COVID pandemic. The Government also provided material to the defense that contained references to the defendants altering/ covering a Black Lives Matter mural outside of Trump Tower on Fifth Avenue in Manhattan in July of 2020. The defense submits this motion seeking an Order precluding testimony about either of these subjects as these matters have no bearing on the charges, are not part of the narrative, and any slight probative value would be outweighed by the danger of unfair prejudice. The defense submits that any testimony regarding mask mandates or the alleged Black Lives Matter incident should be precluded as not relevant and/or improper evidence of a propensity of the defendants to commit criminal acts.

# THE COURT SHOULD EXCLUDE EVIDENCE REGARDING THE NYC MASK MANDATE AS IRRELEVANT

Relevant evidence is that which has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. "Implicit in that definition are two distinct requirements: (1) [t]he evidence must be probative of the proposition it is offered to prove, and (2) the proposition to be proved must be one that is of consequence to the determination of the actions." *United States v. Kaplan*, 490 F.3d 110, 121 (2d Cir. 2007) (quoting *United States v. Diaz*, 878 F.2d 608. 614 (2d Cir. 1989)). It is well-settled that irrelevant evidence is not admissible at trial. *See, e.g., United States v. Lee*, 723 F.3d 134, n. 7 (2d Cir. 2013) (citing Fed. R. Evid. 402).

In order to be relevant, evidence must have "arose out of the same transaction or series of transactions as the charged offence, [be] inextricably intertwined with the evidence regarding the charged offense, or [be] necessary to complete the story of the crime on trial." *United States v. Carboni*, 204 F.3d 29, 44 (2d Cir. 2000); *See e.g.*, *United States v. Williams*, 585 F.3d 703 (2d Cir. 2009) (holding that evidence which "was not particularly helpful to explain the crime" should be excluded).

Evidence regarding the New York City mask mandate that was in place at the time of the alleged incidents does not leave "any gaps in the Government's case" or leave the "jury wondering about missing pieces of the story" and only serves to unfairly prejudice the defendants and such third-parties. *See Williams*, 585 F.3d at 707. There is no connection between the NYC mask mandate and alleged conduct of the defendants in this case. In reality, this evidence is "more likely to confuse[] the jury than assist[] its understanding of the case." *See Id*. at 703.

The Second Circuit has explained that when evaluating the relevance of evidence, it "will often be useful to consider the chain of inferences arising from proffered evidence." *United States v. Quattrone*, 441 F.3d 153, 188 (2d Cir. 2006). To be sure, "so long as a chain of inferences leads the trier of fact to conclude that the proffered submission affects the mix of material information, the evidence cannot be excluded at the threshold relevance inquiry." *Id*. (citing *United States v. Ravich*, 421 F.2d 1196, 1204 n.10 (2d Cir. 1970). But the evidence regarding the mask mandate cannot even meet this minimal standard because the ultimate conclusion from the requisite chain of inferences still does not impact the mix of material information. Since this evidence has no probative value, it should be excluded as irrelevant.

If evidence is deemed to be relevant, Rule 403 precludes its admission into evidence if its "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed R. Evid. 403.

Even if this evidence is in some way relevant – which it is not – its minimal probative value is outweighed by the risk of unfair prejudice. *See United States v. Williams*, 577 F.2d 188, 191 (2d Cir. 1978) ("[I]f the judge finds the evidence is relevant, he must also determine the probative worth of, and the Government's need for, the evidence is not substantially outweighed by its prejudice to the defendant."). "Evidence creates unfair prejudice if it may 'lure the factfinder into declaring guilty on a ground different from proof specific to the offense charged.'" *United States v. Cummings*, 60 F.Supp.3d 434, 438 (S.D.N.Y. 2014) (quoting *Old Chief v. United States*, 519 U.S. 172, 180 (1997)). The Second Circuit has made clear that evidence is prejudicial "when it tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence. The prejudicial effect may be created by the tendency of the evidence to prove some adverse fact not properly in issue or unfairly to excite emotions against the defendant." *United States v. Figueroa*, 618 F.2d 934, 943 (2d Cir. 1980) (internal citations omitted).

Here, the risk of prejudice is particularly high if the Government is permitted to introduce testimony about the NYC mask mandate. Although the Government has not made clear what it intends to use this information for, the defense believes that any proffered arguments about what this evidence demonstrates could create a misimpression and would greatly impact the jury's view of the case. While the defense can argue the lack of relevance to the jury, it should not be required to do so.

Evidence regarding the NYC mask mandate is irrelevant and should be excluded. This evidence does not make the existence of any fact that is of consequence to the determination of the action against the defendants more or less probable. The defense respectfully requests that the Court exercise its "broad discretion to balance probative value against possible prejudice" and exclude this evidence.

# THE COURT SHOULD EXCLUDE EVIDENCE THAT THE DFENDANTS ALTERED A BLACK LIVES MATTER MURAL

Evidence that the defendants altered a Black Lives Matter mural should be excluded from evidence because this alleged act is not connected in any way to the charged conspiracy. Evidence must be relevant in order to be admissible at trial. *Rubens v. Mason*, 387 F.3d 183, 189 (2d Cir. 2004) (citing Fed. R. Evid. 402). In general, evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable," *United States v. Griffith*, 385 F.3d 124, 126 (2d Cir. 2004) (citing Fed. R. Evid. 401), meaning that the evidence "must tend to prove the government's case." *United States v. Gonzalez*, 110 F.3d 936, 941 (2d Cir. 1997). "As the proponent of the evidence, the government has the burden of establishing admissibility." *United States v. Stein*, 521 F. Supp. 2d 266, 268 (S.D.N.Y. 2007).

In addition to being wholly irrelevant to the charges in this case, this "other act" evidence should be rejected as an effort to tarnish the defendants at trial and bolster the Government's case through prejudicial speculation. As set forth below, the other act evidence has no connection to the conspiracy charged in the Indictment.

Federal Rule of Evidence 404(b) provides that:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, …

The Second Circuit follows an inclusionary rule, "allowing the admission of such evidence for any purpose other than to show a defendant's criminal propensity, as long as the evidence is relevant and satisfies the probative-prejudice balancing test of Rule 403 of the Federal Rules of Evidence." *United States v. Inserra*, 34 F.3d 83, 89 (2d Cir. 1994); *see also United States v. Lornbardozzi,* 491 F.3d 61, 78 (2d Cir. 2007). Factors courts should consider when assessing the admissibility of evidence under Rule 404(b) include (1) whether the evidence is offered for a proper purpose within the Rule, (2) whether "the evidence [is] relevant to a disputed issue; (3) [whether] the probative value of the prior act evidence substantially outweigh[s] the danger of its unfair prejudice;" and (4) whether a limiting instruction would be appropriate. *Id*. (quoting *United States v. Garcia*, 291 F.3d 127, 136 (2d Cir. 2002)).

The defense recognizes that other act evidence may be introduced at trial if the Government establishes a connection to the charged conspiracy. *See United States v. Carboni*, 204 F.3d 39 (2d Cir. 2000); *United States v. Gonzalez*, 110 F.3d 936, 942 (2d Cir. 1997). In order to be considered within the scope of the conspiracy, the Government is required to show that the evidence "arose out of the same transaction or series of transactions as the charged offense … is inextricably

3

intertwined with the evidence regarding the charged offense, or … is necessary to complete the story of the crime on trial." *Carboni*, 204 F.3d at 44.

In order to constitute direct evidence of the charged conspiracy, it is not enough to show that the evidence relates generally to the charged transactions or to demonstrate that the proffered evidence is in some way "relevant to show the background of the charged conspiracy." *United States v. Nektalov*, 325 F. Supp. 2d 367, 370 (S.D.N.Y. 2004). Instead, such evidence will only be considered "inextricably intertwined" if it is also "necessary to understand the charged transaction." *Stein*, 521 F.Supp.2d at 271. Courts have refused to find conduct "inextricably intertwined" where the "charged crimes are straightforward and may be fully understood without reference to" such other evidence. *United States v. Newton*, No. S101 Cr. 635 (CSH), 2002 WL 230964, at *2-3 (S.D.N.Y. Feb. 14, 2002).

As the Third Circuit stated in *Johnson v. Elk Lake Sch. Dist.*, 283 F.3d 138, 155-56 (3d Cir. 2002):

> "In other cases, however, where the past act is not substantially similar to the act for which the defendant is being tried, and/or where the past act cannot be demonstrated with sufficient specificity, the propensity inference provided by the past act is weaker, and no presumption in favor of admissibility is warranted. Where a past act cannot be shown with reasonable certainty, its probative value is reduced and it may prejudice the defendant unfairly, confuse the issues, mislead the jury, and result in undue delay and wasted time – all reasons for excluding evidence under Rule 403. The same can be said of evidence of past acts that are dissimilar to the act for which the defendant is being tried; in particular, the introduction of dissimilar past acts runs the risk of confusing the issues in the trial and wasting valuable time. Also relevant to the Rule 403 balancing analysis are the additional factors recognized by the Tenth Circuit *Guardia*: "the closeness in time of the prior acts to the charged acts, the frequency of the prior acts, the presence or lack of intervening events, and the need for evidence beyond the testimony of the defendant and alleged victim." 135 F.3d at 1330 (internal citations omitted).

Evidence of "other acts" may also be admitted pursuant to Federal Rule of Evidence 404(b) for "other legitimate purposes, such as demonstrating motive, opportunity, identify, intent, and knowledge." *United States v. Siddiqui*, 699 F.3d 690, 702 (2d Cir. 2012). Several "hurdles" must be met before a court will introduce Rule 404(b) evidence. *United States v. Kahale*, 789 F.Supp.2d 359, 385 (E.D.N.Y. 2009). In considering the evidence, a court must consider whether "(1) it was offered for a proper purpose; (2) it was relevant to a material issue in dispute; [and] (3) its probative value is substantially outweighed by its prejudicial effect." *United States v. LaFlam*, 369 F.3d 153, 156 (2d Cir. 2004) (per curiam).

The inquiry into the admissibility of such evidence does not end even if the requirements of the "inextricably intertwined" test or Rule 404(b) are met. Both of these analyses also "require

4

the Court to balance probative value and prejudice under Rules 402 and 403." *Nektalov*, 325 F.Supp.2d at 372; *see also United States v. Afiehei*, 869 F.2d 670, 674 (2d Cir. 1989) (citing Fed. R. Evid. 403). In other words, evidence offered for a legitimate purpose may still be inadmissible if the unfair prejudice generated by the evidence outweighs its relevance to the case. *See, e.g., United States v. Lauersen*, No. S298CR1134 (WHP), 2000 WL 1677931, at *2 (S.D.N.Y. Nov. 8, 2000).

For purposes of Rule 403, "'[e]vidence is prejudicial only when it tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that, justified its admission into evidence.'" *United States v. Quattrone*, 441 F,3d 153, 186 (2d Cir. 2006) (quoting *United States v. Figueroa*, 618 F.2d 934, 943 (2d Cir.1980)); see *Old Chief v. United States*, 519 U.S. 172, 180 (1.997) ("The term "unfair prejudice," as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged."). Such prejudice "'may be created by the tendency of the evidence to prove some adverse fact not properly in issue or unfairly to excite emotions against the defendant'" *Quattrone*, 441 F.3d at 186 (quoting *Figueroa*, 618 F.2d at 943). To justify excluding evidence under the Rule, "the prejudice must be unfair in the sense that it could unduly inflame the passion of the jury, confuse the issues before the jury, or inappropriately lead the jury to convict on the basis of conduct not at issue in the trial." *Id*. Further, any unfair prejudice must substantially outweigh the evidence's probative value. *Perry v. Ethan Allen, Inc*., 115 F.3d 143, 151 (2d Cir. 1997) ("As the terms of the Rule indicate, for relevant evidence to be excluded on this basis, the imbalance must be substantial, and the prejudice must be unfair.").

Evidence regarding the defendants' alleged alteration of a Black Lives Matter mural has no probative value given that it concerns a fact not in issue. Therefore, any probative value clearly is outweighed by unfair prejudice, confusing the issues, and misleading the jury. *See, e.g., Cook v. Hatch Assocs.*, No. 02-CV-0065A, 2007 WL 1267023, at *2 (W.D.N.Y. Apr. 30, 2007) (precluding the introduction of evidence with little probative value as "substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury").

The Government has not indicated any legitimate purpose as to why the alleged act of altering a mural should be introduced into evidence. The fact that it has been alleged that the defendants altered a Black Lives Matter mural is unnecessary to complete the story of the alleged conspiracy – it is not even a part of the story and has nothing to do with the charged conspiracy. Further, any probative value that this evidence may have is substantially outweighed by the prejudice to the defendants. Accordingly, for the reasons stated above, evidence that the mural was altered should not be admitted at trial.

**CONCLUSION**

For the aforementioned reasons, the defense respectfully requests that the Court grants the defendant's motions *in limine* and denies the Government's pre-trial motions.

Dated:  January 8, 2024
     New York, New York

                Respectfully submitted,

                  /s/

                Aaron Mysliwiec, Esq.
                Miedel & Mysliwiec, LLP
                *Attorney for Edmee Chavannes*
                80 Broad Street, Suite 1900
                New York, New York 10007


                Calvin H. Scholar, Esq.
                The C.H. Scholar Law Firm, P.L.L.C.
                *Attorneys for Bevelyn Williams*
                225 Broadway-Suite 715
                New York, New York 10007


TO:   The Jennifer L. Rochon
     United States District Court
     Daniel Patrick Moynihan
     United States Courthouse
     500 Pearl Street
     New York, New York 10007


     The United States Attorney for the
     Southern District of New York
     One Saint Andrew's Plaza
     New York, New York 10007