UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

– v. –

BEVELYN BEATTY WILLIAMS and
EDMEE CHAVANNES,

                Defendants.

22 Cr. 684 (JLR)

# THE GOVERNMENT'S MOTIONS *IN LIMINE*

DAMIAN WILLIAMS
United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Jamie Bagliebter
Emily A. Johnson
Mitzi Steiner
Assistant United States Attorneys
- Of Counsel -

# TABLE OF CONTENTS

PRELIMINARY STATEMENT _____ 1

ARGUMENT _____ 1

    I.   The Court Should Preclude the Defendants' Use of Their Own Out-of-Court Statements as Inadmissible Hearsay _____ 1

        A.   Applicable Law_____ 1

        B.   Discussion_____ 3

    II.  The Court Should Preclude the Defendant from Introducing Evidence and Arguments That Are Irrelevant and Unfairly Prejudicial _____ 4

        A.   Applicable Law_____ 4

        B.   Discussion_____ 5

            1.   The Defendants' Personal Circumstances _____ 5

            2.   The Defendants' Potential Punishment_____ 7

            3.   Improper Character Evidence _____ 8

            4.   The Government's Conduct and Motivation for Prosecution_____ 9

            5.   The Defendants' Speech or Conduct As Protected by the First Amendment_____ 11

CONCLUSION_____ 13

# TABLE OF AUTHORITIES

**Cases**

*Bourjaily v. United States*, 483 U.S. 171 (1987) ............................................................... 2

*Boyce v. Weber*, No. 19 Civ. 3825 (JMF), 2021 WL 2821154, (S.D.N.Y. July 7, 2021) .............. 8

*Dowling v. United States*, 493 U.S. 342 (1990) ................................................................. 4

*Montejo v. Louisiana*, 556 U.S. 778 (2009) ....................................................................... 2

*Old Chief v. United States*, 519 U.S. 172 (1997) ............................................................... 4

*Rogers v. United States*, 422 U.S. 35 (1975) ..................................................................... 7

*Shannon v. United States*, 512 U.S. 573 (1994) ................................................................. 7

*United States v. Amawi*, 695 F.3d 457 (6th Cir. 2012) ...................................................... 12

*United States v. Bailey*, 444 U.S. 394 (1980) .................................................................... 5

*United States v. Bakhtiari*, 913 F.2d 1053 (2d Cir. 1990) .................................................. 5

*United States v. Benedetto*, 571 F.2d 1246 (2d Cir. 1978) ................................................. 9

*United States v. Castro*, 813 F.2d 571 (2d Cir. 1987) ........................................................ 3

*United States v. Chambers*, 800 F. App'x 43 (2d Cir. 2020) ............................................... 8

*United States v. Crown*, No. 99 Cr. 1044 (AGS), 2000 WL 709003 (S.D.N.Y. May 31, 2000).... 6

*United States v. Dawkins*, 999 F.3d 767 (2d Cir. 2021) ..................................................... 8

*United States v. Farhane*, 634 F.3d 127 (2d Cir. 2011) .................................................... 10

*United States v. Fazio*, No. S2 11 Cr. 873, 2012 WL 1203943 (KBF) (S.D.N.Y. Apr. 11, 2012). 9

*United States v. Fernandez*, 839 F.2d 639 (9th Cir. 1987) ................................................. 2

*United States v. Gigante*, 166 F.3d 75 (2d Cir. 1999) ....................................................... 2

*United States v. Gonzalez*, 399 F. App'x 641 (2d Cir. 2010) .............................................. 3

*United States v. Gotti*, 457 F. Supp. 2d 395 (S.D.N.Y. 2006) ............................................. 2

*United States v. Harris*, 491 F.3d 440 (D.C. Cir. 2007) ..................................................... 7

*United States v. Harvey*, 991 F.2d 981 (2d Cir. 1993) ....................................................... 5

*United States v. Kopp*, 562 F.3d 141 (2d Cir. 2009) .......................................................... 3

*United States v. Kwong*, 69 F.3d 663 (2d Cir. 1995) ......................................................... 5

*United States v. Loera*, No. 09 Cr. 466 (BMC), 2018 WL 2744701 (E.D.N.Y. June 7, 2018).... 11

*United States v. Marin*, 669 F.2d 73 (2d Cir. 1982) ..................................................... 2, 3

*United States v. Miller*, 626 F.3d 682 (2d Cir. 2010) ........................................................ 5

*United States v. Mustafa*, 753 F. App'x 22, 37 (2d Cir. 2018) ........................................... 6

*United States v. Paccione*, 949 F.2d 1183 (2d Cir. 1991) .............................................................. 6

*United States v. Paul*, 110 F.3d 869 (2d Cir. 1997)..................................................................... 5

*United States v. Rea*, 958 F.2d 1206 (2d Cir. 1992) ..................................................................... 2

*United States v. Regan*, 103 F.3d 1072  (2d Cir. 1997) ............................................................. 10

*United States v. Rivera*, No. 13 Cr. 149 (KAM), 2015 WL 1725991, (E.D.N.Y. Apr. 15, 2015).. 9

*United States v. Rosado*, 728 F.2d 89 (2d Cir. 1984) ................................................................. 10

*United States v. Sabir*, No. 05 Cr. 673 (LAP), 2007 WL 1373184 (S.D.N.Y. May 10, 2007) ...... 6

*United States v. Saldarriaga*, 204 F.3d 50 (2d Cir. 2000) .......................................................... 10

*United States v. Scarpa*, 897 F.2d 63 (2d Cir. 1990) ................................................................... 8

*United States v. Stewart*, No. 03 Cr. 717 (MGC), 2004 WL 113506 (S.D.N.Y. Jan. 26, 2004) .. 11

*United States v. Stroming*, 838 F. App'x 624 (2d Cir. 2021); ...................................................... 6

*United States v. Sun Myung Moon*, 718 F.2d 1210 (2d Cir. 1983) ............................................. 10

*United States v. Thomas*, 116 F.3d 606 (2d Cir. 1997)................................................................. 6

*United States v. Weslin*, 156 F.3d 292 (2d Cir. 1998). ............................................................... 12

*United States v. Williams*, 22 Cr. 684 (JLR), 2023 WL 7386049, (S.D.N.Y. Nov. 8, 2023).1, 11, 12, 13

*United States v. Williams*, 205 F.3d 23 (2d Cir. 2000)……………………………………………….8

*United States v. Williams*, 930 F.3d 44 (2d Cir. 2019) .......................................................... 3, 12

*United States v. Yousef*, 327 F.3d 56 (2d Cir. 2003)..................................................................... 2

**<u>Rules</u>**

Federal Rule of Evidence 106........................................................................................................ 2

Federal Rule of Criminal Procedure 801 ....................................................................................... 2

Federal Rule of Evidence 401 ................................................................................................... 1, 4

Federal Rule of Evidence 402 ................................................................................................... 1, 4

Federal Rule of Evidence 403 ............................................................................................... 1, 4, 5

Federal Rule of Evidence 403 ................................................................................................. 4, 13

Federal Rule of Evidence 404 ........................................................................................................ 9

Federal Rule of Evidence 405 ........................................................................................................ 9

## PRELIMINARY STATEMENT

The Government respectfully submits these motions *in limine* in advance of the trial of defendants Bevelyn Beatty Williams and Edmee Chavannes, scheduled to begin on February 12, 2024. The Government seeks pretrial rulings: (i) to preclude the defendants' use of their out-of-court statements as inadmissible hearsay; and (ii) to preclude the defendants from introducing evidence and making arguments that are irrelevant, unfairly prejudicial or otherwise excludable under Rules 401, 402, and 403 of the Federal Rules of Evidence.

An overview of the criminal conduct and the charges in the Indictment were set forth in the Government's opposition to the defendants' motion to dismiss, dated August 25, 2023. (Dkt. No. 57 at 1-3).[1]

## ARGUMENT

### I. The Court Should Preclude the Defendants' Use of Their Own Out-of-Court Statements as Inadmissible Hearsay

#### A. Applicable Law

The Government is able to introduce the defendants' out-of-court statements as statements of an opposing party under Federal Rule of Evidence 801(d)(2)(A). *See* Fed. R. Evid. 801(d)(2)(A) (defining as "not hearsay" a statement "offered against an opposing party" and "made by the party"). Statements made by a defendant, when offered by the Government, are generally

---

[1] In November 2023, the defendants moved to dismiss the Indictment arguing that: (i) the Government improperly targeted the defendants for prosecution; (ii) the FACE Act exceeds Congress's Commerce Clause power and is unconstitutional after *Dobbs v. Jackson Women's Health Organization*, 142 S. Ct. 2228 (2022); (iii) the FACE Act is an impermissible content-based regulation of speech; and (iv) the defendants' prosecution violates the Religious Freedom Restoration Act and their free exercise of religion. The Court rejected each of the defendants' arguments and denied the defendants' motion to dismiss the Indictment. *United States v. Williams*, 22 Cr. 684 (JLR), 2023 WL 7386049 (S.D.N.Y. Nov. 8, 2023).

admissible "regardless of whether such statements were against the interest when made." *United States v. Gotti*, 457 F. Supp. 2d 395, 397 (S.D.N.Y. 2006). The Government is similarly able to introduce coconspirator statements that are made during the course of, and in furtherance of, the conspiracy. Fed. R. Crim. P. 801(d)(2)(E); *Bourjaily v. United States*, 483 U.S. 171, 175 (1987); *United States v. Gigante*, 166 F.3d 75, 82 (2d Cir. 1999).

The Federal Rules, however, contain no parallel provisions for defendants. *See United States v. Marin*, 669 F.2d 73, 84 (2d Cir. 1982). "When the defendant seeks to introduce his own prior statement for the truth of the matter asserted, it is hearsay, and it is not admissible." *Marin*, 669 F.2d at 84; *see also, e.g.*, *United States v. Rea*, 958 F.2d 1206, 1225 (2d Cir. 1992) (similar). Instead, if a defendant wishes to place her own statements before the jury, she must testify so the Government may cross-examine her. *See United States v. Yousef*, 327 F.3d 56, 153 (2d Cir. 2003) (holding that defendant "could have testified to everything asserted in his statement, [but] he could not offer the document itself for the truth of the matter asserted"), *overruled on other grounds by Montejo v. Louisiana*, 556 U.S. 778 (2009); *United States v. Fernandez*, 839 F.2d 639, 640 (9th Cir. 1987) (per curiam) ("[D]efense counsel wished to place [the defendant's] statement . . . before the jury without subjecting [the defendant] to cross-examination, precisely what the hearsay rule forbids.").

Notwithstanding the hearsay bar, a defendant may in limited circumstances invoke the so-called "rule of completeness" to require the introduction of additional portions of his or her own out-of-court statement when the Government offers it. *See* Fed. R. Evid. 106. The application of this rule is limited to where the additional portions are "necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial

2

understanding of the admitted portion.'" *United States v. Johnson*, 507 F.3d 793 (2d Cir. 2007) (alteration in original) (quoting *United States v. Castro*, 813 F.2d 571, 575-76 (2d Cir. 1987)). This doctrine "has never required the admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." *United States v. Williams*, 930 F.3d 44, 58 (2d Cir. 2019) (internal quotation marks and alterations omitted); *United States v. Gonzalez*, 399 F. App'x 641, 645 (2d Cir. 2010) (finding that Rule 106 may not be used in the Second Circuit as "a mechanism to bypass hearsay rules for any self-serving testimony" by a party); *United States v. Kopp*, 562 F.3d 141, 144 (2d Cir. 2009).

### B. Discussion

The Government has produced to the defendants many of their own statements, including communications from their cellphones and social media accounts, as well as statements recorded on video. In addition, the defendants have made copious public statements—about issues both relevant and irrelevant to the charges in the Indictment—on podcasts, news programs, and through other online content.

The Government expects to offer certain of the defendants' statements primarily through the admission of videos in which the statements are recorded. While the Government is free to admit these statements for their truth, the defendants are precluded from doing the same unless the statements accomplish the narrow function of the rule of completeness. *See Marin*, 669 F.2d at 84. While the Government expects to offer into evidence relevant excerpts of recordings containing certain statements and actions by the defendants, the full videos from which these excerpts are drawn are generally lengthy and contain statements from the defendants on a variety of unrelated topics including their religious beliefs and their views about how abortions are

3

performed. Many of these statements are inadmissible because they are irrelevant under Federal Rule of Evidence 402 and, to the extent there is any relevance, their probative value would be outweighed by substantial prejudice under Federal Rule of Evidence 403. Even if, however, the statements met the relevance bar and passed the Rule 403 balancing test, the statements are still inadmissible hearsay to the extent offered by the defendants for the truth of the matter asserted. Because efforts by the defendants to put their own hearsay statements before the jury without appropriate cross-examination would be impermissible, such efforts should be foreclosed.

## II. The Court Should Preclude the Defendant from Introducing Evidence and Arguments That Are Irrelevant and Unfairly Prejudicial

The Government further moves to preclude cross-examination, argument, and the introduction of evidence that is irrelevant to the charges and unfairly prejudicial or otherwise excludable under Rules 401, 402 and 403 of the Federal Rules of Evidence regarding the following: (1) the defendants' personal circumstances; (2) the defendants' potential punishment; (3) the defendant's good character or non-criminal acts; (4) the Government's conduct or motivation for prosecution; and (5) that the defendant's speech or conduct was protected by the First Amendment.

### A. Applicable Law

Under Federal Rule of Evidence 401, "[e]vidence is relevant if [] it has any tendency to make a fact more or less probable . . . [and] the fact is of consequence in determining the action." Fed. R. Evid. 401. To be relevant, the evidence must be "a step on one evidentiary route to an ultimate fact." *Old Chief v. United States*, 519 U.S. 172, 178-79 (1997). Under Federal Rule of Evidence 402, "[i]rrelevant evidence is not admissible" at trial, and the party introducing evidence carries the burden of establishing its relevance. *See Dowling v. United States*, 493 U.S. 342, 351 n.3 (1990).

Under Rule 403, a court may exclude even relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see also United States v. Miller*, 626 F.3d 682, 689-90 (2d Cir. 2010). Evidence is unfairly prejudicial if it would invite the jury to decide an issue material to the outcome of the case for reasons that have nothing to do with the factual issues properly before the jury. *United States v. Harvey*, 991 F.2d 981, 996 (2d Cir. 1993). The court may also exclude evidence that has "an undue tendency to suggest decision on an improper basis, commonly . . . an emotional one." Fed. R. Evid. 403, Adv. Comm. Notes.

A defendant is entitled to present a defense only if it has a foundation in the evidence, *see United States v. Kwong*, 69 F.3d 663, 667-68 (2d Cir. 1995), and as long as it does not fail as a matter of law, *see United States v. Bakhtiari*, 913 F.2d 1053, 1057 (2d Cir. 1990). If the Court finds a defense insufficient as a matter of law, the Court is under no duty to allow the defendant to present the evidence, or advance the defense, to the jury. *See United States v. Paul*, 110 F.3d 869, 871 (2d Cir. 1997) (citing *United States v. Bailey*, 444 U.S. 394, 416-17 (1980)).

**B. Discussion**

The Court should preclude the defendants from eliciting testimony or making arguments relating to the following issues:

**1. The Defendants' Personal Circumstances**

The defendants should be precluded from offering evidence or argument concerning aspects of the defendants' lives that have no bearing on their guilt or innocence and may tend to elicit the jury's sympathy, such as those relating to family background, health, age, or any other

similarly irrelevant personal factors. Such evidence and argument that make the defendants appear sympathetic for reasons unrelated to the charges at issue improperly invite the jury to acquit a defendant even where the evidence proves her guilt beyond a reasonable doubt. It is well-established that juries are not "to act based on their . . . sympathy." *United States v. Stroming*, 838 F. App'x 624, 627 (2d Cir. 2021); *see also United States v. Mustafa*, 753 F. App'x 22, 37 (2d Cir. 2018) ("The district court correctly recognized that evidence of solitary confinement could be used for the improper purpose of provoking juror sympathy."). Any attempt to encourage such sympathy is therefore an attempt at nullification, which is itself plainly improper. *See, e.g.*, *United States v. Thomas*, 116 F.3d 606, 615 (2d Cir. 1997) ("We categorically reject the idea that, in a society committed to the rule of law, jury nullification is desirable or that courts may permit it to occur when it is in their authority to prevent.").

In keeping with these principles, the defendant should be precluded from offering evidence or argument concerning aspects of their personal lives, including motherhood or medical issues. *See, e.g.*, *United States v. Paccione*, 949 F.2d 1183, 1201 (2d Cir. 1991) (affirming preclusion of evidence that defendant had son with cerebral palsy whom defendant had devoted his life to care for); *United States v. Sabir*, No. 05 Cr. 673 (LAP), 2007 WL 1373184, at *9 (S.D.N.Y. May 10, 2007) (excluding evidence because it "would suggest that the jurors should have sympathy for [the defendant] because of his troubled childhood and would implicitly encourage them to nullify by acquitting him based on something other than the question of whether the Government has proved each element of the crimes charged beyond a reasonable doubt"); *United States v. Crown*, No. 99 Cr. 1044 (AGS), 2000 WL 709003, at *3 (S.D.N.Y. May 31, 2000) (precluding evidence regarding defendant's medical condition as irrelevant and holding that even if the evidence were relevant,

6

"its probative value would be outweighed by its potential prejudicial effect on the jury" because it "would likely appeal to the jury's sympathy, and thus constitute an improper influence on the jury members' consideration of the factual and legal issues bearing on the merits of the case"); *see also United States v. Harris*, 491 F.3d 440, 447 (D.C. Cir. 2007) (affirming preclusion of evidence designed "mainly to cast [the defendant] in the sympathetic light of a dedicated family man"). Such evidence is irrelevant to the jury's determination of guilt and should be precluded.

### 2. The Defendants' Potential Punishment

The defendants should similarly be precluded from offering evidence or argument concerning the punishment or consequences they face if convicted. Where the jury has no role at sentencing—such as in this case—it "should be admonished to 'reach its verdict without regard to what sentence might be imposed.'" *Shannon v. United States*, 512 U.S. 573, 579 (1994) (quoting *Rogers v. United States*, 422 U.S. 35, 40 (1975)). This is so for good reason: argument concerning punishment "invites [jurors] to ponder matters that are not within their province, distracts them from their fact finding responsibilities, and creates a strong possibility of confusion." *Id.* There is no proper basis for the defendants to put these issues before the jury in any form, and they should not be permitted to offer evidence or argument inviting the jury to consider them. *See, e.g.*, *United States v. Avenatti*, No. 19 Cr. 374, Dkt. 288 (JMF) (S.D.N.Y. Jan. 13, 2022) (Tr. 9-10) ("anything that adverts to possible punishments, including possibility of incarceration, however obliquely, is improper and will not be permitted," including, for example, a statement in opening or closing arguments that the defendant's "liberty is at stake," which would be "a not-so-thinly veiled reference to the prospect of incarceration, which is altogether improper").

### 3. Improper Character Evidence

The defendants should be barred from introducing evidence of, or referencing, their general good character or specific instances of non-criminal activities—including instances in which the defendants protested outside of reproductive healthcare facilities without using force, threats of force or physical obstruction.

It is settled law that "[a] defendant may not seek to establish h[er] innocence . . . through proof of the absence of criminal acts on [other] specific occasions." *United States v. Scarpa*, 897 F.2d 63, 70 (2d Cir. 1990). "No less than evidence of a defendant's prior 'bad acts' used to show that [s]he committed the crime charged, . . . 'good acts' evidence is only relevant if we assume that a defendant acted in conformity with those prior good acts—i.e., if we make the exact propensity inference Rule 404(b)(1) is designed to prohibit." *United States v. Dawkins*, 999 F.3d 767, 792 (2d Cir. 2021) (upholding exclusion of "testimony regarding [defendant's] relationships with coaches whom he did not bribe"). "A single occurrence of lawful conduct is 'simply irrelevant' to other occurrences of unlawful conduct." *United States v. Chambers*, 800 F. App'x 43, 46 (2d Cir. 2020) (citing *United States v. Walker*, 191 F.3d 326, 336 (2d Cir. 1999)); *see United States v. Williams*, 205 F.3d 23, 34 (2d Cir. 2000) ("We reject Williams's assertion that the evidence of innocent travel was necessary to rebut the government's allegation that Williams had been involved in other cocaine importations from Jamaica."); *Boyce v. Weber*, No. 19 Civ. 3825 (JMF), 2021 WL 2821154, at *8 (S.D.N.Y. July 7, 2021) (in a civil sex trafficking case, excluding evidence of witnesses who would testify that the defendant did not abuse them, because "[i]t is well established that a defendant may not seek to establish his innocence through proof of absence of criminal acts on specific occasions" (alterations and internal quotation marks omitted)).

Similarly, while a defendant may offer general testimony from a character witness about her reputation for a "pertinent trait of character," or the witness's opinion of the defendant as regards to that trait, *see* Fed. R. Evid. 404(a)(2)(A) & 405(a), a defendant can neither testify nor offer other proof to establish specific acts in conformity with that trait. *See, e.g.*, *United States v. Benedetto*, 571 F.2d 1246, 1249-50 (2d Cir. 1978) (evidence of defendant's specific acts improperly admitted because "character evidence has long been admissible only in the form of reputation and not in the form of recitation of good or bad acts"); *United States v. Rivera*, No. 13 Cr. 149 (KAM), 2015 WL 1725991, at *2 (E.D.N.Y. Apr. 15, 2015) (precluding evidence of charitable giving); *United States v. Fazio*, No. S2 11 Cr. 873, 2012 WL 1203943 (KBF), at *5 (S.D.N.Y. Apr. 11, 2012) ("a defendant may not affirmatively try to prove h[er] innocence by references to specific instances of good conduct; character is to be proven by reputation or opinion evidence."), *aff'd*, 770 F.3d 160 (2d Cir. 2014).

The defendants should accordingly be precluded from offering evidence or argument— including in their opening statements—concerning any charitable work, affiliations with religious or social organizations, any instances in which they have protested or otherwise expressed personal views without engaging in unlawful conduct, or any other specific instance or instances of prior good acts, or the lack of commission of other bad acts. Such evidence is not admissible because it is not relevant to the charged conspiracy or FACE Act violations against them and, even if it were relevant, is improper other-acts character evidence.

### 4. The Government's Conduct and Motivation for Prosecution

The defendants should be precluded from arguing that the Government had any improper motive in pursuing its investigation or engaged in prosecutorial misconduct. It is well established

that the Government's motives for and conduct during the prosecution of a defendant are irrelevant to guilt or innocence and therefore cannot be presented to the jury. *See United States v. Regan*, 103 F.3d 1072, 1081 (2d Cir. 1997) (affirming decision precluding "evidence at trial that the grand jury Investigation was illegitimate"); *United States v. Rosado*, 728 F.2d 89, 93 (2d Cir. 1984) (finding that defendant's trial arguments involving, *inter alia*, "invit[ation of] jury nullification by questioning the Government's motives in subpoenaing appellants and prosecuting them for contempt" functioned as a defense "ploy for turning the trial away from a determination of whether the elements of the offense charged had been proved beyond a reasonable doubt into a wide-ranging inquiry into matters far beyond the scope of legitimate issues in a criminal trial"). The same is true of the Government's techniques in investigating and prosecuting crimes. *See United States v. Saldarriaga*, 204 F.3d 50, 53 (2d Cir. 2000) ("The jury correctly was instructed that the government has no duty to employ in the course of a single investigation all of the many weapons at its disposal, and that the failure to utilize some particular technique or techniques does not tend to show that a defendant is not guilty of the crime with which he has been charged."). The defendant may not put the motivations or conduct of prosecutors or law enforcement agents at issue in order to invite the jury to acquit based on alleged governmental misconduct.

In addition, "[i]n this Circuit, a defendant who advances a claim of selective prosecution must do so in pretrial proceedings." *United States v. Sun Myung Moon*, 718 F.2d 1210, 1229 (2d Cir. 1983). Furthermore, because "a selective prosecution defense alleges a defect in the institution of the prosecution, [it] is an issue for the court rather than the jury." *United States v. Farhane*, 634 F.3d 127, 167 (2d Cir. 2011). Accordingly, courts in this Circuit routinely preclude defense arguments at trial predicated on the theory that the defendant is being selectively

prosecuted. *See Farhane*, 634 F.3d at 127 (holding that the district court did not abuse its discretion in precluding defendant from arguing in summation that the Government had targeted him for prosecution based on his religion); *United States v. Loera*, No. 09 Cr. 466 (BMC), 2018 WL 2744701, at *6 (E.D.N.Y. June 7, 2018) (precluding defense arguments to the jury that the Government's motives were improper); *United States v. Stewart*, No. 03 Cr. 717 (MGC), 2004 WL 113506, at *1 (S.D.N.Y. Jan. 26, 2004) (precluding defendant from "presenting arguments or evidence that would invite the jury to question the Government's motives in investigating and indicting [the defendant]").

Here, the Court has already ruled that the defendants have failed to demonstrate a selective prosecution claim. *United States v. Williams*, 22 Cr. 684 (JLR), 2023 WL 7386049, at *6 (S.D.N.Y. Nov. 8, 2023). In that decision, the Court concluded that the defendants failed to identify sufficient facts to meet their burden. *Id.* Accordingly, any attempt by defendants to relitigate the issue before the jury is improper both because it is not an issue for the jury to consider and because the issue has already been foreclosed by this Court's ruling. In short, any evidence or argument concerning the Government's motivation for prosecution or alleged government misconduct would violate this Court's order and serve no purpose other than to seek to distract the jury from evidence of the defendant's guilt or to encourage jury nullification. It therefore should be precluded.

### 5. The Defendants' Speech or Conduct As Protected by the First Amendment

The Court should preclude the defendants from arguing that they were engaged in a lawful expression of their personal beliefs—whether political, religious, or social—and that the Government has charged them with offenses for engaging in conduct that is protected by either

the Free Speech Clause or Free Exercise Clause of the First Amendment. As with the selective prosecution claim, the defendants raised these arguments in their motions to dismiss, and the Court rejected them. *United States v. Williams*, 22 Cr. 684 (JLR), 2023 WL 7386049, at *9-10 (free speech clause), 11 (free exercise clause) (S.D.N.Y. Nov. 8, 2023).[2]

As the Court has found, none of the offenses with which the defendants are charged criminalizes constitutionally protected speech or religious activity. Instead, the defendants are charged with using—and agreeing to use—defined unlawful means to commit defined criminal objectives. These actions violate the FACE Act, which the Second Circuit has found to be a constitutional, facially neutral statute. *See United States v. Weslin*, 156 F.3d 292, 296-8 (2d Cir. 1998). Accordingly, the First Amendment is not a defense in such circumstances, even if evidence of the defendants' crimes is factually intertwined with their political, religious or moral views and statements. *United States v. Amawi*, 695 F.3d 457, 482 (6th Cir. 2012) ("[A]lthough the conspiracy was closely related to, and indeed proved by, many of Defendants' conversations about political and religious matters, the conviction was based on an agreement to cooperate in the commission a crime, not simply to talk about it . . . Forming an agreement to engage in criminal activities—in contrast with simply talking about religious or political beliefs—is not protected speech").

---

[2] The defendants' proposed jury instructions illustrate how argument regarding the First Amendment at trial will mislead the jury. This Court has unambiguously found, as required by Second Circuit precedent, that any action that meets the elements of Section 248(a)(1) does not, as a matter of law, violate the First Amendment. *Williams*, 2023 WL 7386049, at *9-10; *see also United States v. Weslin*, 156 F.3d 292, 296-8 (2d Cir. 1998). The Court made this finding precisely because the applicability of the First Amendment is an issue for the court, not the jury. *United States v. Kelner*, 534 F.2d 1020, 1028 (2d Cir. 1976). Nonetheless, the defendants' proposed instructions on the First Amendment and "incidental effect" would have the jury determine the constitutionality of the FACE Act and the defendants' actions. This is contrary to clear Second Circuit precedent and would achieve nothing other than to confuse the issues, mislead the jury and invite jury nullification.

To be sure, the defendants are free to argue that their conduct did not include the use of force, threats of force or physical obstruction. This argument, however, does not require any discussion of the First Amendment or what the law protects as constitutionally protected activity. The defendants' arguments regarding the First Amendment were properly raised in the defendants' pretrial motions, and they were denied by the Court. *Williams*, 2023 WL 7386049, at *9-11. These arguments, as well as variations on them, therefore have no place before the jury. They are not relevant under Federal Rule of Evidence 401, and risk confusing the issues, wasting time, misleading the jury, and unfairly prejudicing the Government under Federal Rule of Evidence 403. The defendants should therefore be barred from asserting or otherwise arguing that they are innocent of the charged crimes based on protections afforded by the First Amendment.

## CONCLUSION

For the foregoing reasons, the Government's *motions in limine* should be granted.

Dated: New York, New York
January 08, 2024

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney
for the Southern District of New York

By: _____
Jamie Bagliebter
Emily A. Johnson
Mitzi Steiner
Assistant United States Attorney
(212) 637-2236/-2409/-2284