

CH
SCHOLAR
LAW FIRM, P.L.L.C

225 BROADWAY
SUITE 715
NEW YORK, NY 10007
T: 212 323 6922
F: 212 323 6923

April 22, 2024

**BY ECF and E-MAIL**

The Honorable Jennifer L. Rochon
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

RE:     United States v. Bevelyn Williams
        22 Cr. 684 (JLR)

Dear Judge Rochon:

I am the attorney for the defendant, Bevelyn Williams. On February 22, 2024, a jury returned a verdict of guilty on Count 2 of the indictment which charged a violation of the FACE act pursuant to 18 U.S.C. § 248. Thereafter, the defense submitted a motion for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 and a motion for a new trial pursuant to Federal Rule of Criminal Procedure 33. On April 15, 2024, the Government filed a response opposing the defense's motions. The defense writes respectfully to request that the Court accept this letter brief as a reply to the Government's response in opposition.

As set forth in the initial motion submitted by the defense, the clear video evidence presented in the defense's exhibits showed that Ms. Williams did not act to injure Ms. Verrilli and did not have the intent to cause injury Ms. Verrilli due to her association with the Planned Parenthood in SOHO. Exh DE. Rather, the video evidence showed that Ms. Williams was facing in the opposite direction with her back to Ms. Verrilli; Ms. Verrilli grabbed the handle of a door directly to the rear of Ms. Williams; and opened the door with such force that it pushed Ms. Williams and the force of the strike caused the door to bounce back. Exh DE.

At trial Ms. Verrilli initially claimed that Ms. Williams deliberately leaned on the door. Tr. 338:12-24. When confronted during cross-examination, she changed her testimony when it became clear that her story was impossible and that had Ms. Williams been leaning on the door, Ms. Verrilli would never have been able to open the door as she claimed in her initial story. Tr. 440-41.

However, neither of Ms. Verrilli's stories matched the irrefutable video evidence that clearly showed that Ms. Verrilli struck Ms. Williams with the door. Exh DE. The video evidence clearly showed that the contact was incidental and accidental as Ms. Williams only acted to protect herself. Indeed, the evidence throughout the trial demonstrated that Ms. Verrilli was the aggressor. Ms. Verrilli approached Ms. Williams and pushed Ms. Williams violently. Tr. 450, GX 161. Ms. Verrilli repeatedly placed her fist in Ms. Williams' face on June 19, 2020. Tr. 450, GX 161. And Ms. Verrilli struck Edmee Chavannes while both were at a door which led to their exchange for which Ms. Chavannes was ultimately acquitted of the charges. Thus, the evidence was insufficient to prove Ms. Williams' guilt and the defense requests that the Court enter a judgment of acquittal.

In the instant case, no rational trier of fact could have concluded that Ms. Williams acted to physically injure Ms. Verrilli. Indeed, Ms. Williams was not even aware of Ms. Verrilli until after Ms. Verrilli struck her with the door. The FACE act was created and enhanced to counter extreme violence: bombings, arson, shootings and murder. Legislative history of FACE, S. Re. 103-117, 103rd Cong., 1st Sess. 24 n.39 (1993). Violence to suppress opposing views is wrong and that is clear regardless of which side of the abortion issue one may fall. However, the FACE act was not intended to police private disputes between two persons who held different views in a situation such as this were the defendant's contact had nothing to do with Ms. Verrilli's association and everything to do with Ms. Verrilli's hostility towards Ms. Williams. The jury incorrectly disregarded the irrefutable video evidence in order to find Ms. Williams guilty. "The jury may not be permitted to conjecture…or to conclude upon pure speculation or from passion, prejudice, or sympathy." United States v. Taylor, 464 F.2d 240, 243 (2d Cir. 1972). "A trial court has broad discretion...to set aside a jury verdict and order a new trial to avert a perceived miscarriage of justice." United States v. Finnerty, 474 F.Supp.2d 530, 540 (S.D.N.Y. 2007) (internal quotation omitted). For these reasons, the defense respectfully requests that the Court enter a judgment of acquittal pursuant to Fed. R. Crim. P. 29.

However, in the alternative, the defense respectfully requests that the Court order a new trial or order a hearing to determine whether the verdict was the result of improper outside influence due to the effects of the ill juror and her repeated removal from deliberations. Federal Rule of Evidence 606(b) allows for such a hearing as affidavits would be insufficient in this instance. The defense does not seek a hearing to determine the inner workings of the jury during its deliberation. Rather, the order of events and the return of a verdict so soon after the ill juror returned are facts that the Court should examine as those facts demonstrated that an improper trade off due to the circumstances of the ill juror being brought to bear on other jurors. The danger, of course, is that this extraneous information would cause another juror to cease deliberating in order to strike a grand bargain. Having failed to deliberate on the facts as set forth above, the verdict would not be the result of reasoned deliberation and the verdict, therefore, would be infirm. See Harden v. Hillman, 993 F.3d 465 (6th Cir. 2021) rehearing en banc denied on remand 2022 WL 3160735; United States v. Moten, 582 F.2d 654, 664-65 (2d Cir. 1978) ("the exclusionary rule [of Rule 606(b)] is not absolute, however, but yields to the need for juror testimony in situations…such as when evidence concerning objective facts is sought."). After compiling a list of cases that

granted motions for examination of jurors pursuant to Rule 606(b), the Court in <u>Moten</u> held "[t]here is ample support for the propriety of a hearing in cases like this one." <u>Moten</u> at 666-67.

For all of the reasons set forth above, the defense respectfully requests that the Court enter a judgment of acquittal pursuant to Fed. R. Crim. P. 29. The defense also respectfully requests that the Court order a new trial pursuant to Fed. R. Crim. P. 33 or in the alternative, conduct a hearing pursuant to Fed. R. Evid. 606(b).

Respectfully submitted,

/s/

Calvin H. Scholar

CHS/jb

cc:    AUSA Mitzi Steiner
       AUSA Emily Johnson,     *via* ECF